# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Gregory Jones, | ) | **CASE NO. 4:15 CV 790** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Ralph Hanson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

*Pro se* Petitioner Gregory Jones filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner is incarcerated in the Elkton Federal Correctional Institution ("FCI Elkton").  In his Petition, he alleges FCI Elkton personnel retaliated against him for filing grievances, denied him due process, and denied him equal protection.  He claims these actions led to the denial of his application for transfer to a destination closer to his release, and caused him to remain in custody at FCI Elkton in violation of the Constitution.  For the reasons set forth below, the Petition is denied and this action is dismissed.

## BACKGROUND

Petitioner claims he was found guilty of a conduct violation on October 31, 2013.  He appealed this decision to the Bureau of Prisons ("BOP") Regional Office.  His Case Manager,

Amanda Newland, did not forward the records of his disciplinary hearing in a timely manner, and the Regional Office ordered the conduct charges to be dismissed.

Petitioner applied for participation in the Life Connections Program on November 1, 2014 and his application was approved.  Newland prepared his EMS 409 request for transfer form for participation in the Life Connections Program.  He learned from a staff member on January 21, 2015 that his EMS 409 request had been denied by the Chaplain.  The staff member indicated the request would be approved if Newland corrected and resubmitted the form.

Thereafter, Petitioner went to see Newland and requested she resubmit the application, and provide him with copies of the EMS 409 request and the reasons for the application's denial.  He claims she refused to resubmit the application or provide the information.  He filed an informal grievance pertaining to her refusal to resubmit the application.  In response he received a copy of the 409 request Newland submitted for him.  It erroneously indicated he had been convicted of aggravated assault.  Petitioner states he has never been convicted of assault.  She also requested transfer to FCI Milan, in Detroit, Michigan, when he is a Philadelphia native and much closer to the Petersburg, Virginia program.  Based on these errors, he requested help from other officials to correct and resubmit his application.  On March 12, 2015, Petitioner learned from his Unit Manager, Donald Wilcome, that he would not be allowed to reapply for the Life Connections Program.  He alleges Wilcome told him he did not like the fact that Petitioner filed grievances against Newland.

Petitioner asserts three claims in this Petition.  First, he claims Newland and Wilcome retaliated against him for filing grievances.  Second, he asserts he was denied due process because Newland disseminated a report with false information and did not give him the

opportunity to correct it.  Third, he asserts Wilcome retaliated against him and singled him out by refusing to process his application.  He contends this denied him equal protection.  He contends he would have been granted a transfer to participate in the Life Connection Program if it were not for the unconstitutional conduct of Newland and Wilcome.  He, therefore, asks this Court to declare his continued incarceration at FCI Elkton to be unconstitutional, and to direct Newland and Wilcome to correct and resubmit his EMS 409 application.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

In this case, Petitioner does not assert claims suggesting he is being held in violation of the United States Constitution.  He claims his Unit Manager and Case Manager retaliated

against him for appealing a conduct violation sanction, and for filing grievances.  He also claims

they did not give him the opportunity to correct misinformation on his EMS 409 application.

These are challenges to the conditions of his confinement.  This Court may not entertain

challenges to the conditions of confinement in the context of a Petition for a Writ of Habeas

Corpus. Where a pleading states claims challenging only the conditions of confinement, it does

not state a claim for relief cognizable under 28 U.S.C. § 2241.  *Martin v. Overton*, 391 F.3d 710,

714 (6th Cir. 2004).  Furthermore, this Court cannot construe the Petition as a Complaint for

relief under *Bivens,*[1] but instead must dismiss it without prejudice in order to allow Petitioner to

file a proper civil rights action.  *Id*.

### CONCLUSION

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF

No. 2) is granted, the Petition (ECF  No. 1) is denied and this action is dismissed pursuant to 28

U.S.C. § 2243.  Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be

taken in good faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/24/15

---

[1]     *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

-4-